**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN E. GREGORY, | |
| Appellant | No. 722 WDA 2016 |

Appeal from the Order Entered April 21, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007930-1982
CP-02-CR-0007997-1982

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 3, 2017**

Appellant, Norman E. Gregory, appeals *pro se* from the order entered on April 21, 2016, which dismissed his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 2, 1983, Appellant pleaded *nolo contendere* to a number of charges, including rape, robbery, burglary, false imprisonment, and terroristic threats.  On February 15, 1984, the trial court sentenced Appellant to serve an aggregate term of 17 ½ to 50 years in prison for his convictions.  Appellant did not file a direct appeal from his judgment of sentence.

After Appellant's judgment of sentence became final, Appellant filed numerous petitions for post-conviction collateral relief – all of which were dismissed.  On December 7, 2015, Appellant filed a "Motion to Attend and

_____

* Retired Senior Judge assigned to the Superior Court.

Produce," wherein Appellant requested that the PCRA court direct the Commonwealth to produce certain pre-trial documents that were filed in 1982; Appellant also requested that the PCRA court schedule a hearing on "any disputed issue of material fact." **See** Appellant's Current PCRA Petition, 12/7/15, at 1. The PCRA court properly construed Appellant's "Motion to Attend and Produce" to be a serial petition under the PCRA. **See** 42 Pa.C.S.A. § 9542 (the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*"); **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) ("[t]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment"). Within Appellant's serial PCRA petition, Appellant neither acknowledged that his petition was untimely nor pleaded a statutory exception to the PCRA's one-year time-bar. **See** Appellant's Current PCRA Petition, 12/7/15, at 1-3.

On April 21, 2016, the PCRA court dismissed Appellant's petition by declaring that Appellant's "Argument/Hearing scheduling Praecipe and Order is denied." PCRA Court Order, 4/21/16, at 1. On May 5, 2015, Appellant filed a timely appeal from the PCRA court's above-described order. **See** Appellant's Notice of Appeal, 5/5/15, at 1 and Attachment. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition,

- 2 -

including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, since Appellant did not file a direct appeal from his judgment of sentence, his judgment of sentence became final at the end of the day on March 16, 1984, which was 30 days after Appellant was

- 3 -

sentenced in open court and the time for filing a direct appeal to this Court expired. 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(a). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[1] As Appellant did not file his current petition until December 14, 2015, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

---

[1] As we have explained to Appellant in a prior memorandum:

> Appellant does not benefit from a grace proviso provided for petitioners whose judgments of sentence became final prior to the effective date of § 9545. The proviso applies to first PCRA petitions that [were] filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1057 (Pa. Super. 1997). . . .

*Commonwealth v. Gregory*, 87 A.3d 878 (Pa. Super. 2013) (unpublished memorandum) at 6 n.5.

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar.  Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief."  **_Commonwealth v. Jackson_**, 30 A.3d 516, 523 (Pa. Super. 2011).  Therefore, we affirm the PCRA court's order dismissing Appellant's serial PCRA petition.

Order affirmed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2017